## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Jill M. Acklin
McGrath, LLC
Carmel, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Brandy L. Lawson,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

February 26, 2015

Court of Appeals Cause No.
29A05-1408-CR-366

Appeal from the Hamilton Superior
Court
Cause No. 29D04-1311-FD-9144

The Honorable J. Richard Campbell,
Judge

**Barnes, Judge.**

# Case Summary

[1] Brandy Lawson appeals her sentence for Class D felony resisting law enforcement. We affirm.

# Issue

[2] Lawson raises one issue, which we restate as whether her sentence is inappropriate under Indiana Appellate Rule 7(B).

# Facts

[3] On the evening of November 5, 2013, police officers with the Carmel Police Department responding to a complaint of a suspicious vehicle attempted to stop Lawson. Lawson failed to stop and sped away, disregarding stop signs, speeding through residential areas, and ultimately driving over stop sticks. When she finally stopped her vehicle, Lawson fled on foot, but she was soon apprehended.

[4] The State charged her with Class D felony resisting law enforcement, Class A misdemeanor resisting law enforcement, Class A misdemeanor driving while suspended, and Class B misdemeanor reckless driving. Lawson pled guilty to Class D felony resisting law enforcement, and the State dismissed the remaining charges. At the sentencing hearing, Lawson blamed her activities on the night at issue on a diabetic condition and requested alternate misdemeanor sentencing. The trial court found no mitigators and found Lawson's minimal criminal history as a slight aggravator. The trial court sentenced Lawson to 730

days in the Department of Correction with 365 days executed and 365 days suspended to probation. Lawson now appeals.

## Analysis

Lawson argues that her sentence is inappropriate under Indiana Appellate Rule 7(B). She requests that we revise her sentence to no more than one year and enter her conviction as a misdemeanor.

Appellate Rule 7(B) provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offenses and the character of the offender. When considering whether a sentence is inappropriate, we need not be "extremely" deferential to a trial court's sentencing decision. *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). Still, we must give due consideration to that decision. *Id.* We also understand and recognize the unique perspective a trial court brings to its sentencing decisions. *Id.* Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest—the aggregate sentence—rather than

the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Id.* When reviewing the appropriateness of a sentence under Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended. *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010).

[8] The nature of the offense is that Lawson fled in a high speed chase through residential areas, running stop signs, and ultimately running over stop sticks. She then fled on foot and was apprehended. Although Lawson claimed at the sentencing hearing that her behavior was caused by a diabetic condition, the trial court did not find that explanation credible or supported by the record. The trial court stated:

> You've explained to us today and in the pre sentence investigation report this, with all due respect, story about your blood sugar. I'm not convinced as to that excuse and for these reasons. In the probable cause affidavit by Officer Thomas it was indicated that when you [were] stopped by Lieutenant Keith you stated that you knew, you got scared because you knew your license was suspended and you tried to get away. Also, (inaudible) with the allegation that you had low blood sugar was when you were finally stopped you fled the vehicle and ran off on foot. You didn't remain in the vehicle. You go through stop sticks. And Ma'am, this is how people die. This was a fairly—It wasn't late in the evening, about 8:30. You posed a grave risk to yourself, law enforcement and the community at large.

> I'm not quite sure what is going on with you, Ma'am, but again I'm not—Maybe there is an issue with diabetes but it is simply unsubstantiated at this time and again is inconsistent with the evidence. We have here also in the Carmel Police Report, which is part of the pre sentence investigation report, when you were stopped. The Carmel Police Department Paramedics, they reviewed you, they

looked at you, they released you. . . . But you continued to do the field sobriety tests and cooperate with the police officers. There was some alcohol in your system, not a great deal. But I simply don't believe and looking at your driving record I don't believe you have taken any kind of responsibility for this action and the gravity of this case. . . . You have not listened to me. You have not listened to anyone and you've not taken any responsibility for your actions whatsoever. You darn near could have killed someone. . . . I don't think saying sorry cuts it because I do not believe you madame. And I do not believe your story.

Tr. pp. 30-31.

[9] A review of the character of the offender reveals that Lawson has a June 2013 conviction for Class A misdemeanor driving while suspended. She pled guilty to that offense and received a 365-day suspended sentence. Lawson argues that her criminal history is minimal, that she had been employed, and that she had been attending nursing school.

[10] We recognize Lawson's minimal criminal history. However, the trial court found that Lawson's explanation was not credible and that she had not accepted responsibility for her actions. Further, we note that she had just recently been sentenced for driving while suspended and was given leniency in that case. Given the circumstances, we cannot say Lawson was entitled to alternate misdemeanor sentencing or that the sentence imposed was inappropriate.

# Conclusion

[11] We cannot say that the sentence imposed by the trial court was inappropriate in light of the nature of the offense and the character of the offender. We affirm.

[12] Affirmed.

May, J., and Pyle, J., concur.